IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3203-BO

| | |
|---|---|
| REGINALD TERRELL LEACH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHERYL BELL, et al., )<br>    Defendants. ) | O R D E R |

On October 13, 2011, plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983. The action contested the denial of his parole through the use of North Carolina's application of the Mutual Agreement Parole Program ("M.A.P.P."). The court conducted a thorough frivolity determination pursuant to 28 U.S.C. § 1915(e)(2) and on May 2, 2012, dismissed the matter [D.E. 8]. Plaintiff is now before the court with a motion to amend[1] [D.E. 10] and motion for reconsideration [D.E. 11].

The court considers the motion for leave to amend complaint or alternative a motion for reconsideration as one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an

---

[1]The motion to amend [D.E. 10] shall be allowed and considered in this order and determination. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Leach must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

The order dismissing the case was based on prevailing Supreme Court precedent that "[t]here is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). This court specifically held that "[e]ven if a parole statute creates a liberty interest, an inmate is entitled to only 'minimal procedure.'" D.E. 8, Order, citing, Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). Then this court outlined the Fourth Circuit's holding that it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. D,E. 8, Order, citing Vann, 73 F.3d at 522, and Wilson v. Mann, 5:08-CT-3053-BO, dismissed Aug. 25, 2009, appealed and affirmed in an unpublished opinion by the Fourth Circuit, Jan. 21, 2010. The order detailed the plaintiff's evidence attached to the complaint which included a letter of the statement of reasons for the denial for parole. D.E. 8, Order referencing Compl., Exhibit E (parole denied for two reasons: "There is a substantial risk

2

that you will not conform to reasonable conditions of parole. There is a substantial risk that you would engage in further criminal conduct."). The order discussed plaintiff's argument as being that the explanation of reasons was insufficient or was outside the provisions of the MAPP contract he entered with the state in order to be paroled. D.E. 8. Then the court found that review of the individual parole decision is not within the parameters of this court's scope of review. Id.

Now plaintiff seeks reconsideration and states the court mistook his argument to be one seeking immediate release, failing to consider if the State created a due process liberty interest in parole and the controlling principles of Greenholtz, ex post facto, and the court's "inappropriately [sic] resolved issues of material fact in the context of whether risk criteria governed my parole pursuant to MAPP" [D.E. 11, p. 2]. The arguments shall be reviewed in turn.

As for plaintiff's first two arguments, the court specifically considered Greenholtz and held that the process he was due was constitutionally satisfied, that the process is one of minimal procedure satisfied by furnishing a statement of reasons and then reviewing the statement of reasons provided by plaintiff. The court did not state the dismissal was based on plaintiff's request for immediate release. The court's holding does not merit amendment. See Greenholtz v. Inmates of Neb. Penal, 442 U.S. at 7; Vann v. Angelone, 73 F.3d at 522; Wilson v. Mann, 5:08-CT-3053-BO, dismissed Aug. 25, 2009, appealed and affirmed in an unpublished opinion by the Fourth Circuit, Jan. 21, 2010; and Cook v. Smith, 2011 WL 1230793 *7-8 (M.D.N.C. 2011).

Secondly, as for ex post facto argument, the claim is meritless. See generally, Waddell v. Dept't of Corr., 2012 WL 1890394 * 10-11 (4th Cir. 2012); Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir.2000) (recognizing that "[a] change in an administrative policy that was in effect at the time of a criminal's underlying offenses does not run afoul of the prohibition against ex post facto laws"); Stephens v. Thomas, 19 F.3d 498, 500–01 (10th Cir.1994) (finding no ex post facto violation when department of corrections fixed erroneous internal practices relating to good time credits, even though change disadvantaged certain prisoners).

Accordingly, while the motion to amend is ALLOWED [D.E. 10], the motion for reconsideration is DENIED [D.E. 11]. Having so determined all other pending motions are DENIED as MOOT [D.E. 15].

SO ORDERED, this the 21 day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE